IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAY EQUITY LLC, <br><br> Plaintiff, <br><br> v. <br><br> TOTAL MORTGAGE SERVICES, LLC, and STEVEN SIRMAIAN <br><br> Defendants. | C.A. NO. 20-cv-10454 |

## NOTICE OF REMOVAL

Defendants Total Mortgage Services, LLC and Steven Sirmaian file this Notice of Removal of the civil action brought against it by Plaintiff Bay Equity LLC to the United States District Court for the District of Massachusetts. Removal is based on 28 U.S.C. § 1332 (diversity jurisdiction) and is authorized by 28 U.S.C. §§ 1441 and 1446.

### I. INTRODUCTION

1. This action concerns claims by the Plaintiff that Defendants unlawfully and in violation of various covenants solicited Plaintiffs' employees to leave their employment with the Plaintiff in favor of employment with Total Mortgage Services.

2. On March 4, 2020, Plaintiff filed its Complaint in the Superior Court at Middlesex, under Docket No. 2081cv00618C.

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the Superior Court and obtained by Defendants are attached hereto, marked as composite **Exhibit A** and incorporated herein by reference.

## II.     TIMELINESS OF NOTICE OF REMOVAL

4.     Plaintiff's Complaint was filed on March 4, 2020.  Therefore, Defendants' Notice of Removal is timely filed within thirty days of their receiving notice of the suit.  28 U.S.C. §1446(b).

## III.     BASIS FOR REMOVAL: DIVERSITY JURISDICTION

A.  **Complete Diversity Exists**.

5.     This action may be removed to this Court because it arises under 28 U.S.C. §1332 (Diversity of Citizenship).

6.     On information and belief, Plaintiff Bay Equity LLC is a limited liability company organized under the laws of California, with a principal place of business in Corte Madera, California, and is therefore a citizen of California for purposes of diversity jurisdiction.

7.     Defendant Total Mortgage Services LLC is a limited liability company organized under the laws of Connecticut, with a principal place of business in Milford, Connecticut, and is therefore a citizen of Connecticut for purposes of diversity jurisdiction.

8.     Defendant Steve Sirmaian is an individual residing in Derry, New Hampshire.

9.     Because Plaintiff is a citizen of California and Defendants are citizens of Connecticut and New Hampshire, complete diversity exists and removal is appropriate under 28 U.S.C. §§ 1332 and 1441.

B.     **The Amount in Controversy Exceeds $75,000.00.**

9.     The amount in controversy, exclusive of interest and costs, exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  Although Defendants deny that Plaintiff is entitled to recover any amount, and specifically deny that Plaintiff is entitled to any relief in the various forms sought, Plaintiff seeks damages for tortious interference, unfair competition under Mass. Gen. L. c. 93A, civil conspiracy, and misappropriation of trade secrets.  Additionally, Plaintiff seeks injunctive relief from the Court, enjoining Defendants' business practices, a remedy which will cause

substantially more than $75,000 of damages to Defendants. "Where the Plaintiff seeks equitable relief, the amount-in-controversy requirement for removal based on diversity jurisdiction is 'measured by the value of the object of the litigation.'" *Aliberti v. GMAC Mortg., LLC*, 779 F. Supp. 2d 242, 245 (D. Mass. 2011) (quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)).

10. Here, the object of the litigation is the value of Plaintiff's and Defendants' respective businesses, which substantially exceed $75,000. Thus, the value of the object of the litigation exceeds $75,000 under any measurement, and the amount in controversy exceeds the federal jurisdictional minimum. *See* 28 U.S.C. §1332(a).

## IV.   VENUE

11. This action is properly removed to this Court, as Massachusetts constitutes one judicial district. 28 U.S.C. §101.

## V.   ADDITIONAL REQUIREMENTS

12. In accordance with 28 U.S.C. § 1441(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court.

WHEREFORE, having satisfied the requirements for removal under 28 U.S.C. §§ 1332, 1441 and 1446, Defendants hereby give notice that this action has been removed to this Court.

Dated: March 6, 2020

TOTAL MORTGAGE SERVICES, LLC
and STEVEN SIRMAIAN,

By their attorneys,

*/s/ Ryan M. Cunningham*
Jonathan W. Fitch, BBO #168510
Ryan M. Cunningham, BBO #661440
Jared L. Hubbard, BBO #569132
Malgorzata A. Mrozek, BBO #699035
FITCH LAW PARTNERS LLP
One Beacon Street
Boston, MA  02108
(617) 542-5542
jwf@fitchlp.com
rmc@fitchlp.com
jlh@fitchlp.com
mam@fitchlp.com

## **CERTIFICATE OF SERVICE**

I, Ryan M. Cunningham, hereby certify that a true copy of the above document was served upon the counsel of record by first-class mail, postage prepaid, on March 6, 2020.

*/s/ Ryan M. Cunningham*
Ryan M. Cunningham